Case 1:21-cv-00072   Document 21   Filed on 10/13/21 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
October 13, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN REY CHAVEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-72 |
| | § | |
| BOBBY LUMPKIN, | § | |
|     Respondent. | § | |

### AMENDED REPORT AND RECOMMENDATION
### OF THE MAGISTRATE JUDGE[1]

On May 13, 2021, Petitioner Jonathan Rey Chavez filed a petition for a <u>writ of habeas corpus</u> by a person in state custody, pursuant to 28 U.S.C. § 2254. Dkt. No. 1.

On July 13, 2021, Respondent Bobby Lumpkin ("the State") timely filed a motion for summary judgment. Dkt. No. 16.

After reviewing the record and the relevant case law, it is recommended that Chavez's petition be dismissed as untimely filed, or alternatively, denied as meritless.

**I. Background**

    **A. Conviction**

In July 2013, Chavez was indicted for one count of burglary of a habitation. Dkt. No. 15, p. 4.[2]

On January 22, 2014, Chavez pled guilty, pursuant to a plea agreement. Dkt. No. 15, p. 16. He was sentenced to eight years of deferred adjudication. <u>Id</u>., p. 17.

On May 8, 2014, the Court conducted a hearing regarding Chavez's failure to comply with the terms of his deferred adjudication. Dkt. No. 15, p. 68. Chavez pled that

---

[1] The previous Report and Recommendation is withdrawn and this one is substituted. This Report and Recommendation has been amended to re-calculate the statute of limitations, which were incorrectly calculated in the original Report and Recommendation. Nevertheless, given the facts and time, the conclusion and ultimate recommendation is unchanged. The parties have a new 14-day window to object to the amended Report and Recommendation.

[2] The page numbers refer to the Bates-stamped numbers at the bottom of the page.

the allegations were true. Id. The Court adjudicated Chavez to be guilty, gave him a 10-year suspended sentence with a 10-year term of community supervision. Id.

On November 13, 2014, the Court held a revocation hearing as to a new allegation that Chavez violated the conditions of his community supervision. Dkt. No. 15, p. 5. Chavez pled that the allegations were true. Id. The Court revoked his community supervision and suspended sentence. Id. The Court sentenced Chavez to eight years of incarceration in the Texas Department of Criminal Justice. Id. Chavez did not file a notice of direct appeal.

### B. State Habeas Proceedings

On March 28, 2019, Chavez filed an application for writ of habeas corpus in the Court of Criminal Appeals. Dkt. No. 15, p. 30. In that application, he alleged: (1) counsel was ineffective for advising him to plead guilty; (2) his uncle's ex-wife is the real accessory after the fact; (3) the evidence was insufficient to convict him; (4) he is actually innocent of the crime; (5) counsel failed to investigate the case; (6) the District Attorney withheld exculpatory evidence; and (7) he was denied a jury trial.

On October 26, 2020, the 107th Judicial District Court issued findings of fact and conclusions of law, recommending that the application be denied. Dkt. No. 15, p. 101.

On November 11, 2020, the Texas Court of Criminal Appeals "denied" Chavez's application "without [a] written order on findings of trial court without hearing and on the Court's independent review of the record." Dkt. No. 15, p. 109. The denial indicated that the Court of Criminal Appeals rejected the petition on substantive grounds, rather than on procedural grounds. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (indicating that a "denial" signifies adjudication on the merits, while "dismissal" reflects a claim declined on grounds other than upon the merits).

### D. Federal Habeas Proceedings

On May 13, 2021, Chavez filed his petition in the instant case. Dkt. No. 1. Chavez makes seven claims: (1) counsel was ineffective for advising him to plead guilty; (2) his uncle's ex-wife is the real accessory after the fact; (3) the evidence was insufficient to convict him; (4) he is actually innocent of the crime; (5) counsel failed to investigate the

2

case; (6) the District Attorney withheld exculpatory evidence; and (7) he was denied a jury trial.

On May 14, 2021, the State was ordered to respond to the petition. Dkt. No. 6.

On July 13, 2021, the State timely filed a response to the petition, arguing that Chavez's petition was not timely filed and cannot be saved by equitable tolling. Dkt. No. 16.

Chavez has not filed a response.

## II. Applicable Law

### A. Section 2254

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court:

> may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Simmons, at 534 (quoting Williams, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." Woodfox v. Cain, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, 562 U.S. at 102–03 (2011) (internal quotation marks omitted).

### B. Timeliness

A petitioner has a one year "period of limitation" in which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

8 U.S.C. § 2244(d)(1)(A)-(D).

  This one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2).

  Under Texas law, "a judge may defer the adjudication of guilt of particular defendants and place them on 'community supervision' if they plead guilty or nolo contendere." Tharpe v. Thaler, 628 F.3d 719, 722 (5th Cir. 2010). If the defendant violates the conditions of his community supervision, the state court judge can convict the defendant and sentence him. Frey v. Stephens, 616 F. App'x 704, 707 (5th Cir. 2015). In such cases, there are "two separate and distinct limitation periods under the AEDPA." Tharpe, 628 F.3d at 724. If the petitioner's claims relate to the initial deferred adjudication, the AEDPA statute of limitations begins to run when the deferred adjudication is ordered by the state court. Frey, 616 F. App'x at 707. On the other hand, if the petitioner's claims relate to the order revoking community supervision, the AEDPA statute of limitations runs from the date of the revocation. Id.

  Further, the limitations period is not jurisdictional and may be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010). For equitable tolling to excuse the late filing of a petition, the petitioner must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance" prevented timely filing. Id. at 649.

**III. Analysis**

  In analyzing the claims raised by Chavez, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). In this case, even allowing for the latitude due a pro se, this petition is meritless and should be denied.

## A. Timeliness

Chavez had one year in which to file his § 2254 petition in this Court. As relevant here, Chavez had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Chavez was placed on community supervision as part of a deferred adjudication plea. Dkt. No. 15, p. 16. That community supervision was later revoked. Id., p. 5. As previously noted, this creates two separate AEDPA statute of limitations periods. Tharpe, 628 F.3d at 722. The Court must examine the nature of his claims to determine which limitations period applies. Frey, 616 F. App'x at 707. In this case, all of Chavez's substantive claims relate to his underlying guilt or innocence for the burglary of a habitation charge: counsel was ineffective for advising him to plead guilty and for not conducting a more thorough investigation; insufficient evidence; new evidence that he was not involved in the crime; he was coerced to confess; and he was denied a jury trial. Dkt. No. 1. He does not appear to raise any substantive claims relating to the revocation of community supervision. As such, all of his claims appear to relate to the deferred adjudication order and the statute of limitations runs from the issuance of that order. Tharpe, 628 F.3d at 722; Frey, 616 F. App'x at 707.

On January 22, 2014, Chavez was placed on deferred adjudication. Dkt. No. 15, p. 16. He had 30 days to file a notice of appeal. Tex. R. App. P. 26.2(a)(1); see also Arriola v. State, No. 04-20-00306-CR, 2020 WL 5214765, at *1 (Tex. App. Sept. 2, 2020) (30-day deadline begins running after oral pronouncement of sentence, not the issuance of the written judgment) (citing Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993)). Thus, the deadline to file a direct appeal expired on February 21, 2014. Chavez's conviction became final on that day. Roberts v. Cockrell, 319 F.3d 690, 693-95 (5th Cir. 2003).

By the plain language of § 2244(d)(1)(A), Chavez had until February 21, 2015, to file a habeas petition in Federal court. He did not file his petition until May 13, 2021, more than six years past the deadline.[3]

The one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2). However, this tolling is unavailable if the state habeas petition is not filed until after the period of limitation has expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Chavez did not file his state habeas petition until May 13, 2021, which was beyond the statutory deadline. Accordingly, the petition was untimely filed. That conclusion requires the Court to consider whether equitable tolling is appropriate.

To avail himself of equitable tolling, Chavez must establish "extraordinary circumstances" that warrant the tolling of the limitations period. Holland, 530 U.S. at 649. Chavez bears the burden of establishing that equitable tolling is appropriate. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

To merit equitable tolling, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). Chavez offers no reasons for why his petition was untimely filed. See Dkt. No. 1, p. 11 (when asked why the statute of limitations did not bar his petition, Chavez responded, "my denial was not over a year ago"). Given the fact that his conviction was in 2014, that clearly is not the case. The filing of the late petition with the Court of Appeals some five years later, does not change the fact. Scott, 227 F.3d at 263. Thus, Chavez has not met his burden of showing that equitable tolling is appropriate. Accordingly, his petition should be dismissed as untimely filed.

---

[3] Even if the Court were to find that Chavez's claims ran from the date that community supervision was revoked, he would fare no better. Under that standard, Chavez's conviction would have become final on December 15, 2014 and his AEDPA statute of limitations period would have expired on December 15, 2015.

Furthermore, while Chavez has attempted to raise a claim of actual innocence, this claim does not save the timeliness of his petition. See McQuiggin v. Perkins, 569 U.S. 383, 392, 133 S. Ct. 1924, 1931, 185 L. Ed. 2d 1019 (2013) ("a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims [. . .] on the merits notwithstanding the existence of a procedural bar to relief"). However, Chavez has waived his actual innocence claim by knowingly and voluntarily pleading guilty to the offense. "By entering a knowing and voluntary guilty plea, a defendant waives all non-jurisdictional defects in the prior proceedings." U.S. v. Broussard, 882 F.3d 104, 109 (5th Cir. 2018).

Even if Chavez did not waive his claim by pleading guilty, his claim is still meritless. The Supreme Court has said that any unexplained delays in presenting this new evidence is highly relevant in determining whether a petitioner has shown actual innocence. McQuiggin, 569 U.S. at 399. Chavez claims that his uncle's ex-wife, and other people, were accessories to the crime after the fact and that another man committed the burglary while Chavez slept in the car. Chavez knew these facts at the time that he was arrested, but has waited over seven years after his arrest to bring these facts to the attention of the courts. He has no proof of his innocence, just his unsubstantiated self-serving testimony and the names of potential witnesses. Reliable evidence showing actual innocence includes "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999). Chavez's evidence falls far short of this standard.

Given the delay in bringing forward the evidence and the lack of corroboration, the Court cannot say that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin, 569 U.S. at 399. Thus, the claim of actual innocence does not render the petition timely. Accordingly, Chavez's petition should be dismissed as untimely filed. Furthermore, even if the Court considered the merits of Chavez's petition, he fares no better.

**B. Merits**

In deciding § 2254 cases, the Court looks to the last reasoned decision of the state courts, which is "the last related state-court decision" that provides "a relevant rationale"

Case 1:21-cv-00072   Document 21   Filed on 10/13/21 in TXSD   Page 9 of 10

for their decision. Wilson v. Sellers, — U.S. —, 138 S. Ct. 1188, 1192 (2018).  In this case, the last reasoned decision is the one issued by the state trial court, which was adopted by the Texas Court of Criminal Appeals.  The state trial court noted that Chavez waived his claims via his guilty plea.

As previously noted, a knowing and voluntary plea of guilty waives all non-jurisdictional defects in the proceedings. Broussard, 882 F.3d at 109.  The guilty plea also waives any right to exculpatory evidence. Alvarez v. City of Brownsville, 904 F.3d 382, 392 (5th Cir. 2018) (citing U.S. v. Conroy, 567 F.3d 174, 178–79 (5th Cir. 2009)).  As such, Chavez's petition should be denied as meritless.

## IV. Recommendation

It is recommended that Jonathan Rey Chavez's petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, be dismissed as untimely filed, or alternatively, denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir. 2000)).  The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Chavez's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.

Although Chavez's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting those findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on October 13, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge